# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HODGES, | Case No.  1:21-cv-01122-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| | (ECF No. 4) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Shawn Hodges filed a complaint on July 23, 2021, challenging a final decision of the Commissioner of Social Security denying his application for disability benefits.  Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  On July 28, 2021, an order issued finding that Plaintiff's application to proceed *in forma pauperis* did not demonstrate entitlement to proceed in this action without prepayment of fees.  (ECF No. 3.)  Plaintiff was ordered to either file a long form application to proceed without prepayment of fees or pay the filing fee.  (Id.)  On August 4, 2021, Plaintiff filed a long form application.  (ECF No. 5.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984)

1   ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of

2   *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need

3   not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it

4   states that due to his poverty he is unable to pay the costs and still be able to provide himself and

5   his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S.

6   331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees

7   is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th

8   Cir. 2015).

9         In assessing whether a certain income level meets the poverty threshold under Section

10   1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department

11   of Health and Human Services.  See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL

12   6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL

13   1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

14         Plaintiff claims his spouse receives $3,000 per month in employment income, and

15   receives $2,000 per month from his father-in-law as a gift to assist with the mortgage.  (ECF No.

16   4 at 1-2.)  Thus Plaintiff claims $5,000 per month, or $60,000 per year in income in this portion.

17   However, the Court notes that in specifically listing the spouse's employment in another section,

18   Plaintiff proffers the spouse earns $6,000 per month, which would equate to $72,000 per year

19   just in employment income.  (Id. at 2.)  Plaintiff claims two seventeen year old children, and one

20   twenty-two year child as dependents.  (Id. at 3.)  Plaintiff claims monthly expenses in the amount

21   of $4,800, including $700 in utilities, $250 in home maintenance, and car and car insurance

22   payments totaling $800 per month.

23         The 2021 Poverty Guidelines for the 48 contiguous states for a household of five is

24   $31,040.00.   2021 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited

25   August 6, 2021).  Based on the income reported in Plaintiff's application to proceed *in forma*

26   *pauperis,* of $5,000.00 per month, Plaintiff's household income is at least $60,000 per year, and

27   perhaps significantly above that given the discrepancy in the listed employment income of the

28   spouse.  Even based on the $60,000 per year, the income is well beyond the poverty level.  In

consideration of the income and expenses listed, Plaintiff demonstrates he can pay the costs and still be able to provide himself and his dependents with the necessities of life.   If Plaintiff submits objections to this findings and recommendations, he is expected to address the discrepancy regarding the spouse's listed income, and further address the various expenses listed in the application, which appear excessive in relation to a claim of entitlement to proceed *in forma pauperis*.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

The Clerk of the Court is DIRECTED to randomly assign this matter to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.   Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.   <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 6, 2021**

_____
UNITED STATES MAGISTRATE JUDGE